# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELMER PARKER,** | : CIVIL ACTION NO. 1:10-CV-0882 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **T.R. SNIEZEK, WARDEN,** | : |
| Respondent | : |

## MEMORANDUM

On April 26, 2010, Elmer Parker ("Parker") filed this petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, seeking a twelve-month placement in a Residential Re-entry Center ("RRC") in accordance with the Second Chance Act of 2007. For the reasons set forth below, the petition will be dismissed as it is not yet ripe for disposition.

## I.  Background

Parker, a federal inmate incarcerated at the Federal Correctional Institution at Schuylkill, is presently serving a fifty-five-month term of imprisonment for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(G)(1) and 924(A)(2).[1]  (Doc. 6-2, Declaration of Pati Manbeck ("Manbeck Decl."), at 3, ¶ 2.) His projected release date is March 21, 2012. (Id. at 4, ¶ 3).

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621,

---

[1] His original sentence of 100 months was reduced to fifty-five months. (Doc. 6-2, Declaration of Pati Manbeck ("Manbeck Decl."), at 3, ¶ 2)

3624, was signed into law.  The Act increases the duration of pre-release placement in an RRC from six to twelve months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008).  Thereafter, the BOP issued two guidance memoranda, dated April 14, 2008 (Doc. 6-2, at 7), and November 14, 2008 (Doc. 6-3, at 29), both of which required approval from the Regional Director for RRC placements of longer than six months.  Interim regulations passed on October 21, 2008, state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a).  Moreover "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part."  28 C.F.R. § 570.22 (Oct. 22, 2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and unit team seventeen to nineteen months prior to the inmate's probable release date.  (Doc. 6-2, Manbeck Decl., at 4, ¶ 4.)  Referrals are then forwarded to the Community Corrections Manager at least sixty days prior to the maximum recommended date.  (Id. at ¶ 5, citing BOP Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures.)

2

"The official request for an RRC date [for Parker] has not been forwarded to the Community Correction's Manager as of the date of this report, since it is premature according to policy guidelines." (Id. at 5, ¶ 11.)

## II. Discussion

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)). Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c) (3)). This includes a challenge to the BOP's decision to exclude an inmate from release to an RRC. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242, 243-44 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

In the matter *sub judice*, respondent seeks to dismiss the petition on the ground that no case or controversy exists. Specifically, respondent contends that because no recommendation for RRC placement has been submitted for approval, Parker's habeas claim is not yet ripe for disposition. (Doc. 6.)

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976). In order for this court to have jurisdiction, the "case" must be "ripe for decision, meaning that it must not be premature or speculative." Shields v. Norton, 289 F.3d 832, 835 (5th Cir.2002)(citing United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000). Standing provides "justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Warth v. Seldin, 422 U.S. 490, 498 (1975). The Supreme Court has described three elements that comprise the "irreducable constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A plaintiff must first "have suffered an 'injury in fact' -an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural or hypothetical.' " Id. (quoting Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). Next, the injury suffered by the plaintiff must be causally connected to the conduct of which the plaintiff complains: "the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.' " Id. (quoting Simon, 426 U.S. at 41-42). Finally, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " Id. (quoting Simon 426 U.S. at 38, 43).

Essentially, Parker is attempting to preemptively challenge his RRC placement anticipating that it will be less than twelve months; his injury is not actual or imminent. Parker's projected release from prison is not until March 21, 2012, more than nineteen months from the present date. The BOP has not yet made a determination of his eligibility for release to an RRC and it is not required to do so under its current rules. Consequently, there is no case or controversy for the court to adjudicate and the petition will be dismissed because it is not yet ripe for disposition. The dismissal is without prejudice to Parker's right to file a new petition if he is dissatisfied with the ultimate recommendation.

## III. Conclusion

Based on the foregoing, the petition will be dismissed without prejudice. An appropriate order will issue.

     S/ Christopher C. Conner  
     CHRISTOPHER C. CONNER  
     United States District Judge

Dated:      July 14, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELMER PARKER**, | : | **CIVIL ACTION NO. 1:10-CV-0882** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **T.R. SNIEZEK, WARDEN**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 14th day of July, 2010, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court is directed to CLOSE this case.


       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge